UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

QUICK SOLOMON,

                         Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer RUBEN FELIPECARDENAS, Shield No. 11695; Police Officer SHAKIR YOUNGER, Shield No. 8148; Police Officer ALLAN SAMSON, Shield No. 8470; Sergeant RODNEY GUITONEZ, Shield No. 206; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

15-CV-6700 (NGG)(RLM)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff QUICK SOLOMON ("plaintiff" or "Mr. Solomon") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer **RUBEN FELIPECARDENAS**, Shield No. 11695 ("Felipecardenas"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Felipecardenas is sued in his individual capacity.

9. Defendant Police Officer **SHAKIR YOUNGER**, Shield No. 8148 ("Younger"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Younger is sued in his individual capacity.

10. Defendant Police Officer **ALLAN SAMSON**, Shield No. 8470 ("Samson"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Samson is sued in his individual capacity.

11. Defendant Sergeant **RODNEY GUITONEZ**, Shield No. **206** ("Guitonez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Guitonez is sued in his individual capacity.

12. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15. At approximately 3:30 a.m. on March 4, 2015, plaintiff was lawfully present inside 433 Lafayette Avenue in Brooklyn, NY.

16. The defendants officers attempted to gain entrance to the home without a warrant or any lawful basis.

17. Plaintiff and two others with him asked the defendants to leave.

18. Rather than leaving, the defendants pulled plaintiff from the apartment and slammed him to the ground with great force.

19. As a result of the excessive force used plaintiff was bleeding from the mouth and received stitches at Woodhull Hospital.

20. Defendant Felipecardenas falsely charged plaintiff with obstructing governmental administration and resisting arrest.

21. Plaintiff was taken to a police precinct.

22. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff trying to prevent the other of another individual and resisting arrest.

23. At no point did the officers observe plaintiff commit these acts.

24. Plaintiff was taken to Brooklyn Central Booking.

25. Plaintiff was arraigned in Kings County Criminal Court, where the criminal charges were ultimately adjourned in contemplation of dismissal.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### Denial Of Constitutional Right To Fair Trial

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The individual defendants created false evidence against Plaintiff.

38. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

39. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM

### Malicious Abuse Of Process

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The individual defendants issued legal process to place Plaintiff under arrest.

43. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

44. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM

### Failure To Intervene

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

48. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

52. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

53. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

54. The City, through its police department, has a custom and practice of stopping individuals with out-of-state license plates without the requisite reasonable suspicion.

55. The City, through, its police department, has a custom and practice of stopping individuals with dealer license plates without the requisite reasonable suspicion.

56. The City, through, its police department, charge individuals with out-of-state license plates, dealer license plates or both with false violations of the Vehicle and Traffic Law.

57. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

58. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

**59.** These policies, practices, and customs were the moving force behind plaintiff's injuries

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: April 26, 2016
New York, New York

/s
Robert Marinelli
305 Broadway, 9th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*